# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
(E-Filed: March 24, 2014)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| MADELYNE MEYLOR, | * | No. 10-770V |
| | * | |
| Petitioner, | * | Decision on Interim Attorneys' |
| | * | Fees and Costs |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | * | |

<u>Mark Krueger</u>, Baraboo, WI, for Petitioner.

<u>Lara Englund</u>, Washington, DC, for Respondent.

### DECISION ON INTERIM ATTORNEYS' FEES[1]

On November 8, 2009, David and Joen Meylor, filed a petition on behalf of their minor daughter, for compensation alleging that she suffered certain injuries as a result of receiving a vaccination listed on the Vaccine Injury Table. Subsequently, Madelyne (Petitioner) reached the age of majority and the caption in this case was amended to reflect the fact that she was the proper Petitioner. Petitioner sought an award under the National Vaccine Injury Compensation Program, National Vaccine Injury Compensation Program[2] (the Act or the Program). 42 U.S.C. §§ 300aa-1 to -34 (2006).

---

[1] Because this unpublished decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this order on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, "the entire" order will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755,

On February 26, 2014, Petitioner's counsel filed a motion for interim fees (Interim Fees Motion) requesting $96,630.00 in attorney fees, $33,847.45 in costs paid by petitioner's attorney, and $10,212.44 in out-of-pocket costs incurred by Petitioner, for a total of $140,689.89 for all fees and costs incurred from September 7, 2010, until February 6, 2014.

In informal discussions, Respondent raised objections to Petitioner's interim fee application.

On March 21, 2014, the parties filed a joint stipulation concerning interim attorneys' fees and costs.  The parties' stipulation requests $9,400.00 for litigation costs incurred personally by Petitioner, and $110,500.00 for interim attorneys' fees and costs for a total of $119,900.00 .  The parties' stipulation does not provide the time frame contemplated by the stipulation so the undersigned presumes that the stipulation covers work performed and costs incurred through February 6, 2014, as this was the date provided by Petitioner's counsel in his original fee petition.  Petitioner's Initial Application for an Award of Interim Attorneys' Fees and Costs at 4.

The undersigned find that an award of interim attorneys' fees and costs is appropriate in this case.  Interim attorneys' fees and costs are explicitly authorized by the binding precedent of the United States Court of Appeals for the Federal Circuit.  *Avera v. HHS*, 515 F.3d. 1343; *Shaw v. HHS*,  609 F.3d 1372, 1374 (Fed. Cir. 2010) ("the Vaccine Act permits [an] award of interim fees and  costs"); *Cloer v. HHS*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012) ("Congress made clear that  denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act."), *aff'd*, 133 S.Ct. 1886, 1896 (2013).  *See also* Vaccine Rule 13(b).

**The request for interim attorneys' fees and costs is hereby granted.**  Petitioner is awarded  reasonable interim attorneys' fees and costs pursuant to §§ 15(b) and (e)(1), as  the undersigned finds  that the petition was brought in good faith and upon a reasonable basis, and the amount requested  is reasonable and appropriate.  Accordingly, the undersigned awards the following attorneys' fees and  costs pursuant to 42 U.S.C. § 300aa-15(b) and (e)(1):

- **a lump sum of $9,400.00, in the form of a check payable to Petitioner, representing  Petitioner's own litigation expenses in this case;**

---

codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

- **a lump sum of $110,500.00, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Mark Krueger, on account of services performed by counsel's law firm.**

In the absence of a timely-filed motion for review filed pursuant to Appendix B of the Rules of the U.S. Court of Federal Claims, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

s/Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

[3] Under Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| MADELYNE MEYLOR, | \* |
| | \* |
| Petitioner, | \* |
| | \* |
| v. | \*   No. 10-770 |
| | \*   Special Master |
| | \*   Lisa Hamilton-Fieldman |
| SECRETARY OF HEALTH AND | \* |
| HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**JOINT STIPULATION REGARDING INTERIM ATTORNEYS' FEES AND COSTS**

On February 26, 2014, petitioners' counsel filed an application for attorneys' fees and costs in the above-captioned matter. Pursuant to General Order #9, the application included out-of-pocket expenses incurred by petitioner.

In informal discussions, respondent raised objections to certain items in the application. Based on these discussions, the petitioner has amended her application for attorneys' fees and costs. Petitioner now requests $110,500.00, payable to petitioner and petitioner's counsel, Mark Krueger, and $9,400.00, payable to petitioner, for a total of $119,900.00. Respondent does not object to petitioner's amended fees and costs application in the amounts specified. Petitioner understands that the total amount represents all interim attorneys' fees and costs available under 42 U.S.C. §300aa-15(e)(1).

1

2

      Accordingly, the parties now request that a decision awarding interim attorneys' fees and costs, in the amount of $119,900.00 to petitioner and petitioner's attorney, Mark Krueger, and $9,400.00, to petitioner, be issued.

Respectfully submitted,

| | |
|---|---|
| s/Mark Krueger | s/Lara A. Englund |
| MARK KRUEGER | LARA A. ENGLUND |
| Attorney for Petitioner | Trial Attorney |
| KRUEGER & HERNANDEZ SC | Torts Branch, Civil Division |
| 123 2nd Street | U.S. Department of Justice |
| P.O. Box 41 | P.O. Box 146 |
| Baraboo, WI 53913 | Benjamin Franklin Station |
| (608)356-3961 | Washington, D.C. 20044-0146 |
| | lara.a.englund@usdoj.gov |
| | Tel: (202) 514-9729 |

Date:   March 21, 2014