# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 10-770V
Filed: November 24, 2015

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * | UNPUBLISHED |
| MADELYNE MEYLOR,             * | |
|                                       * | Special Master Hamilton-Fieldman |
|             Petitioner,    * | |
| v.                           * | Petitioner's Costs; Reasonable Amount |
|                                       * | Requested to which Respondent |
| SECRETARY OF HEALTH          * | Does Not Object. |
| AND HUMAN SERVICES,          * | |
|                                       * | |
|             Respondent.    * | |
| * * * * * * * * * * * * * * * * * * * * * * * | |

<u>Mark L. Krueger</u>, Krueger & Hernandez, S.C., Baraboo, WI, for Petitioner.
<u>Lara Englund</u>, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On November 8, 2010, David and Joen Meylor filed a petition for compensation on behalf of their daughter, Madelyne Meylor ("Petitioner"),[2] for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 <u>et</u> <u>seq.</u> (2006) ("Vaccine Act"). Mr. and Mrs. Meylor alleged that the administration of Human Papillomavirus ("HPV") vaccines on July 26, 2007, November 15, 2007, and August 1, 2008 caused Madelyne to suffer from premature ovarian failure. An entitlement hearing was held on November 7th and 8th, 2013, and a hearing regarding onset was held on June 16th and 17th, 2015. Rulings regarding onset and entitlement have not yet been issued.

On November 23, 2015, the parties filed a Stipulation of Fact Concerning Petitioner's Costs. Pursuant to their stipulation, the parties have agreed to an award of $2,329.74 for costs incurred personally by Petitioner.

---

[1] The undersigned intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107 347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to file a motion for redaction "of any information furnished by that party (1) that is trade secret or commercial or financial information and is privileged or confidential, or (2) that are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." In the absence of such motion, the entire decision will be available to the public. <u>Id.</u>

[2] On May 29, 2013, the undersigned granted Mr. and Mrs. Meylor's motion to amend the case caption to reflect the fact that Madelyne had reached the age of majority. <u>See</u> Order, filed May 29, 2013, at 1.

1

      The undersigned finds that an award for costs is appropriate pursuant to 42 U.S.C. § 300aa-15(b) and (e)(1). Further, the proposed amount seems reasonable and appropriate. **Accordingly, the undersigned hereby awards the amount of $2,329.74, in the form of a check made payable solely to Petitioner, Madelyne Meylor.**

      In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

      **IT IS SO ORDERED.**

/s/ Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.